Dr. Kittinger, to the effect that, in his judgment as a physician, plaintiff's alleged condition as to nervousness, headaches, and pain after the accident and before and at the trial might or could have resulted from the accident; plaintiff having previously testified that such conditions were the result of the accident. He cites Huba v. Schenectady R. R. Co., 85 App. Div. 203, 83 N. Y. Supp. 157, decided in the Third Department in June, 1903, as sustaining his proposition, and the evidence seems to fall under the condemnation of the authority relied on. With diffidence, I venture the opinion that, on this point, the Huba Case is in direct conflict with the rule laid down in Turner v. Newburgh, 109 N. Y. 301, 16 N. E. 344, 4 Am. St. Rep. 453, has not been followed, and is not controlling here. It is a well-established rule that apprehended future consequences which are merely possible and speculative are not proper to be considered in estimating damages. Strohm v. Railroad Co., 96 N. Y. 305. But, as was said by Gray, J., in the Turner Case, supra:

"It is perfectly competent to furnish the jury with evidence of the present physical condition and bodily sufferings (of the plaintiff) and with the opinions of competent physicians as to whether such could have resulted from the accident."

The Turner Case was not considered in the opinion in the Huba Case. It is, however, cited with approval and followed on this point in the more recent case of Graham v. Bauland Co., 97 App. Div. 145, 89 N. Y. S. 595, decided in the Second Department in July, 1904. See, also, Hamel v. Brooklyn Heights R. R. Co., 59 App. Div. 135, 69 N. Y. Supp. 166; Quinn v. O'Keefe, 9 App. Div. 68, 74, 41 N. Y. Supp. 116; Bowen v. Railroad Co., 89 Hun, 594, 35 N. Y. Supp. 540.

Motion denied.

---

(121 App. Div. 575.)

HOLLIS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

APPEAL—ACTUAL CONTROVERSY—REVIEW.

    Where, on an appeal from an order denying a motion to amend the answer, the appellant did not contend that the order was erroneous, but asked the court to affirm the order, without costs, in case it agreed with appellant that the order was properly made because the amendment asked for was not needed, and to reverse the order in case it disagreed with such contention, appellant had no bona fide grievance, and the order would be affirmed.

Appeal from Special Term, Kings County.

Action by Edwin J. Hollis against the Brooklyn Heights Railroad Company. From an order denying defendant's motion for leave to amend its answer, it appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.
Robert Stewart (Ralph G. Barclay, on the brief), for respondent.

MILLER, J. 'The action is brought for personal injuries alleged to have resulted from a nuisance; i. e., the wrongful maintenance of electric wires in a public street. Evidence offered by the defendant to prove authority to maintain said wires in the streets was excluded upon the trial on the ground that such authority was not pleaded in the answer, and upon the defendant's request a juror was withdrawn and the case went over to enable it to move for leave to amend. Said motion was made on an affidavit containing a bare statement of the history of the case, without giving any reason whatever for the failure to allege in the original answer the facts which the defendant desired to plead in the amended answer; hence the motion to amend was denied. The defendant has apparently taken this appeal for the purpose of getting an expression from this court respecting the correctness of the ruling of the trial judge, as it asks us to affirm the order, without costs, in case we agree with it that the order which it is appealing from was properly made for the reason that the amendment asked for was not needed, and to reverse the order in case we disagree with its contention. Unless counsel thinks his client has a grievance, he should not burden this court, as we do not entertain appeals for the purpose of giving instruction.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.